In the Matter of the Liquidation of NEW YORK TITLE AND MORTGAGE COMPANY.

In the Matter of a Plan for the Readjustment, Modification or Reorganization of the Rights of All the Holders of Mortgage Investments Represented by Series F-1 First Mortgage Participation Certificates Issued and Guaranteed by NEW YORK TITLE AND MORTGAGE COMPANY.

Supreme Court, Additional Special Term, New York County, June 17, 1936.

*Wagner, Quillinan & Rifkind* and *Hetkin, Rubin & Hetkin,* for the Series F-1 trustees, for the motion.

*William A. Shea,* for the Superintendent of Insurance, as liquidator of New York Title and Mortgage Company, opposed.

FRANKENTHALER, J. The rents received by the title company under the rent assignments constitute funds received in trust for the benefit of the certificate holders. (*Matter of People [Lawyers Title & Guar. Co.],* 265 N. Y. 20, 28, 29; *Matter of People [N. Y. Title & Mtge. Co.],* Id. 30; see answer to certified question 4; *Matter of New York Title & Mortgage Co.,* 151 Misc. 701.) It was the company's duty to apply the rents received under the rent assign-

ments to the payment of tax liens before using any of the funds to meet interest payments and thus discharge or reduce its own obligation upon its guaranties. (*Matter of People* [*Lawyers Title & Guar. Co.* ], *supra; Matter of People* [ *N. Y. Title & Mtge. Co.*], *supra; Matter of N. Y. Title & Mortgage Co., supra.*)

The present motion seeks no relief other than a declaration that the rents received under the assignments constituted trust funds for the benefit of the certificate holders. The petitioners are entitled to this adjudication. It does not necessarily follow, however, that they may assert a trust claim against funds in the possession of the liquidator of the title company. It may be that the identical moneys received under the rent assignments were actually disbursed to certificate holders by way of interest, in which event there would be no *res* upon which any trust could be impressed. On the other hand, if the interest payments to certificate holders were made from the company's general funds and not from the rents received under the rent assignments, the petitioners may possess a valid trust claim entitling them to the rents, if segregated, or if mingled with other funds, to an order of segregation until all trust claims and assets available to meet them have been determined.

In view of the fact that no relief other than the adjudication previously referred to is sought at the present time, it is unnecessary to determine what rights and remedies accrue to the petitioners as a result of the adjudication.

The motion is granted. Settle order. '